UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FROILAN GRUESO CARDENAS

v.  Case No. 8:06-cv-589-T-24 MAP
8:04-cr-141-T-24 MAP

UNITED STATES OF AMERICA

_____/

**ORDER**

This cause comes before the Court on Cardenas' Motion to Set Aside a Previous Judgment. (CV Doc. No. 12). The Government opposes the motion. (CV Doc. No. 16). As explained below, the motion is **DENIED**.

**I. Background**

On June 9, 2004, Cardenas pled guilty to Count One of the Indictment, in which Cardenas was charged with possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (CR Doc. No. 1, 68). On September 9, 2004, the Court sentenced Cardenas to 240 months incarceration. (CR Doc. No. 68). Cardenas did not appeal the conviction or sentence.

On March 29, 2006, Cardenas signed a motion to vacate his judgment and sentence under 28 U.S.C. § 2255, which this Court denied as time-barred on April 17, 2006. (CV Doc. No. 1, 2). Cardenas appealed the Court's § 2255 Order, and the Eleventh Circuit denied a certificate of appealability, finding the motion was "plainly barred by § 2255's one-year statute of limitations." (CV Doc. No. 4, 9).

In 2009, Cardenas filed a motion to aside judgment under Federal Rule of Civil Procedure 60(b)(4) and (6). In that motion, he asked the Court to set aside its judgment denying his § 2255 motion as untimely, and he raised the same arguments as to the reasons for his late filing that he raised in his § 2255 motion. (CV Doc. No. 10). Specifically, he again called the Court's attention to the allegedly late return of his files from his defense counsel and his own

low intelligence, lack of schooling, and passive personality as attested to by another inmate. (CV Doc. No. 10). On February 18, 2009, the Court denied the motion, finding that none of these factors demonstrated exceptional circumstances that warranted equitable tolling. (CV Doc. No. 11).

Thereafter, on August 3, 2010, Cardenas submitted the instant motion for filing. (CV Doc. No. 12). Like the previous motion, this motion asks the Court to set aside its previous judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6).

## II. Motion to Set Aside Judgment

Federal Rule of Civil Procedure 60(b)(4) and (6) provide that a court may relieve a party from a final judgment if the judgment is void or for any other reason that justifies relief. Cardenas argues that the Court should set aside its April 17, 2006 judgment that his § 2255 motion was time-barred. Cardenas argues that this Court failed to properly evaluate his specific circumstances that prevented him from timely filing his § 2255 motion–his defense counsel was late in returning his files to him and he has a low IQ, a lack of schooling, and a passive personality–and as a result, the Court erred in failing to equitably toll the filing deadline and then denying his § 2255 motion as being time-barred.

In order to obtain equitable tolling of the AEDPA's filing deadlines, Cardenas was required to establish two things: (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010)(citation omitted). Cardenas continues to contend that his low IQ prevented him from understanding his rights and obligations under the AEDPA and acting upon them in a timely manner. Therefore, he argues that the time for filing his § 2255 motion should have been equitably tolled, and the Court should have considered the merits of his § 2255 motion. In support of his argument, Cardenas cites two recent cases–Holland v. Florida and Hunter v. Ferrell, 587 F.3d 1304 (11th Cir. 2009). However, as explained below, Cardenas' reliance on these cases is misplaced.

In Holland, the issue before the Supreme Court was whether the Eleventh Circuit's standard for applying equitable tolling based on an attorney's gross negligence was too rigid. 130 S. Ct. at 2562-63. While in the instant case, Cardenas argues that his late filing of his § 2255 motion was due in part to his attorney's failure to return his files in a timely manner, the circumstances surrounding the return of Cardenas' files are not the type of extraordinary circumstances that warrant equitable tolling.

In Hunter, the issue before the appellate court was whether the district court erred in granting summary judgment on the petitioner's § 2254 motion on the ground that it was time-barred. 587 F.3d at 1305. In Hunter, the petitioner contended that his significant mental impairment prevented him from timely filing his § 2254 motion. See id. at 1308-10. After noting that a "mental impairment is not *per se* a reason to toll a statute of limitations," the appellate court concluded that the district court erred in granting summary judgment, because the petitioner had raised sufficient factual issues regarding whether his significant mental impairment prevented his timely filing. See id. (citation omitted).

The facts of the instant case are clearly distinguishable from the facts in Hunter. The petitioner in Hunter had an IQ of 59, which fell on the lower-end of the mildly mentally retarded range. See id. at 1305. Additionally, the petitioner in Hunter could not read or write, he had a severe expressive speech disorder, and he had received special education services while in school. See id. After the petitioner in Hunter underwent a competency exam, the doctor concluded that the petitioner's understanding was significantly impaired. See id.

Conversely, in the instant case, the only evidence of Cardenas' alleged mental impairment is his conclusory allegation of its existence, along with a declaration from another inmate who opined that Cardenas' intellectual capacity is considerably limited. Such is not a sufficient showing to raise an issue of fact regarding the existence of Cardenas' alleged mental impairment, nor is it sufficient to raise an issue of fact that his alleged impairment prevented him from timely filing his § 2255 motion. Thus, this Court stands by its prior rulings that equitable tolling is not warranted in this case.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Cardenas' Motion to Set Aside a Previous Judgment (CV Doc. No. 12) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of November, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record