UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FROILAN GRUESO CARDENAS

v.  Case No. 8:06-cv-589-T-24 MAP
8:04-cr-141-T-24 MAP

UNITED STATES OF AMERICA

_____/

**ORDER**

This cause comes before the Court on Cardenas' Motion for Reconsideration.  (CV Doc. No. 18).  As explained below, the motion is **DENIED**.

**I. Background**

On June 9, 2004, Cardenas pled guilty to Count One of the Indictment, in which Cardenas was charged with possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States.  (CR Doc. No. 1, 68).  On September 9, 2004, the Court sentenced Cardenas to 240 months incarceration.  (CR Doc. No. 68).  Cardenas did not appeal the conviction or sentence.

On March 29, 2006, Cardenas signed a motion to vacate his judgment and sentence under 28 U.S.C. § 2255, which this Court denied as time-barred on April 17, 2006.  (CV Doc. No. 1, 2).  Cardenas appealed the Court's § 2255 Order, and the Eleventh Circuit denied a certificate of appealability, finding the motion was "plainly barred by § 2255's one-year statute of limitations."  (CV Doc. No. 4, 9).

In 2009, Cardenas filed a motion to aside judgment under Federal Rule of Civil Procedure 60(b)(4) and (6).  In that motion, he asked the Court to set aside its judgment denying his § 2255 motion as untimely, and he raised the same arguments as to the reasons for his late filing that he raised in his § 2255 motion.  (CV Doc. No. 10).  Specifically, he again called the Court's attention to the allegedly late return of his files from his defense counsel and his own low intelligence, lack of schooling, and passive personality as attested to by another inmate.

(CV Doc. No. 10).  On February 18, 2009, the Court denied the motion, finding that none of these factors demonstrated exceptional circumstances that warranted equitable tolling.  (CV Doc. No. 11).

Thereafter, on August 3, 2010, Cardenas submitted another motion to set aside judgment. (CV Doc. No. 12).  Like the previous motion, Cardenas again asked the Court to set aside its previous judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6).  The Court denied that motion on November 3, 2010.  (CV Doc. No. 17).  Thereafter, on November 12, 2010, Cardenas submitted the instant motion for reconsideration for filing.

## II.  Motion for Reconsideration

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted).  The Court notes that  reconsideration of a previous order is an extraordinary remedy to be employed sparingly.  See id. (citations omitted).  Upon review of Cardenas' motion, the Court finds that it should be denied, because reconsideration is not warranted.

This is Cardenas' fifth time making the same underlying argument–that his original § 2255 motion that he filed in 2006 should not be considered to be untimely.  He made this argument in the original § 2255 motion; he made it again to the Eleventh Circuit when he appealed this Court's denial of his original § 2255 motion; he made it again when he filed his first motion to set aside judgment in 2009; he made it again when he filed his second motion to set aside judgment in 2010; and he makes it again now.  The Court has fully heard and considered Cardenas' argument, and the Court denies his motion.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Cardenas' Motion for Reconsideration (CV Doc. No. 18) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of November, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record