UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FROILAN GRUESO CARDENAS

v.                                                       Case No. 8:06-cv-589-T-24 MAP
                                                                           8:04-cr-141-T-24 MAP

UNITED STATES OF AMERICA

_____/

**ORDER**

This cause comes before the Court on Cardenas' Request for a Certificate of Appealability ("COA") regarding this Court's November 3, 2010 Order denying his Rule 60(b) motion and this Court's November 22, 2010 Order denying his motion for reconsideration. (CV Doc. No. 21). As explained below, the motion for a COA is **DENIED**.

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

The issue for which Petitioner seeks a COA–whether his original § 2255 motion that he filed in 2006 should be considered to be timely filed under equitable tolling principles–has been thoroughly considered by the courts: He made this argument in the original § 2255 motion; he made it again to the Eleventh Circuit when he appealed this Court's denial of his original § 2255 motion; he made it again when he filed his first motion to set aside judgment in 2009; he made it

again when he filed his second motion to set aside judgment in 2010; and he made it again in his motion for reconsideration.  As such, the Court finds that a COA is not warranted.

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's request for a COA is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of January, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record